1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 RICHARD RISHER,<br><br>12                                 Plaintiff,<br><br>13 v.<br><br>14 DR. LIBBY; DR. EBINOSA; DR. RASHEED; DR. JACQUES; DR.<br>15 CONTRERAS; DR. TREVINO; MS. PONSE DELEON; DOE 1 THROUGH<br>16 10,<br>17                                 Defendant.<br>18<br>19<br>20<br>21<br>22<br>23 | Case No.:  3:16-cv-03128-WQH-KSC<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IFP;**<br><br>**(2)  DISMISSING DEFENDANT FOR FAILING TO STATE A CLAIM; AND**<br><br>**(3)  TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §    84(b), 28 U.S.C. §    1391(b) AND 28 U.S.C. § 1406(a)** |

24          Richard Risher ("Plaintiff"), who is currently housed at the Substance Abuse

25 Treatment Facility ("SATF") located in Corcoran, California, has filed a civil action

26 pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  In addition, Plaintiff has filed a Motion to

27 Proceed *In Forma Pauperis* ("IFP").  (Doc. No. 2.)

28 / / /

I.      **Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

1

2          In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust

3   account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2.  *Andrews*,

4   398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statement, which

5   shows that he has a current available balance of zero.  *See* 28 U.S.C. § 1915(b)(4)

6   (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action

7   or appealing a civil action or criminal judgment for the reason that the prisoner has no

8   assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at

9   850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of

10  a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds

11  available to him when payment is ordered.").

12         Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP **(ECF No. 2)** and

13  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350

14  balance of the filing fees mandated will be collected by the California Department of

15  Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court

16  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

17  **II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

18         **A.     Standard of Review**

19         Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a

20  pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

21  statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of

22  it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

23  who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

24  (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

25  2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

26  the targets of frivolous or malicious suits need not bear the expense of responding.'"

27  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

28  *Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

1    "The standard for determining whether a plaintiff has failed to state a claim upon

2   which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

3   Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

4   F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

5   Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

6   applied in the context of failure to state a claim under Federal Rule of Civil Procedure

7   12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

8   as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

9   662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

10      Detailed factual allegations are not required, but "[t]hreadbare recitals of the

11  elements of a cause of action, supported by mere conclusory statements, do not suffice."

12  *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

13  relief [is] ... a context-specific task that requires the reviewing court to draw on its

14  judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

15  "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

16  this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969

17  (9th Cir. 2009).

18      **B.    Claims against Defendant Libby**

19      Plaintiff raises Eighth Amendment inadequate medical care claims mainly against

20  Defendants who are alleged to be medical personnel at Plaintiff's current place of

21  incarceration.  (*See* Compl. 2-3.)  The only allegations pertaining to Defendant Libby

22  include factual allegations that he performed surgery on Plaintiff related to his diagnosis

23  of glaucoma. (*Id.* at 10.)  He further alleges that Dr. Libby "gave 'specific and direct

24  post-surgical orders and instructions'" to prison medical staff at SATF.  (*Id.*)  There are

25  no allegations or claims that Defendant Libby violated Plaintiff's Eighth Amendment

26  right to adequate medical care or played any role in Plaintiff's medical treatment

27  following his discharge and return to SATF.

28  / / /

3:16-cv-03128-WQH-KSC

1   Plaintiff's Complaint contains no specific factual allegations as to what Defendant

2   Libby did, or failed to do, to violate his constitutional rights. *Iqbal*, 556 U.S. at 678

3   (noting that FED. R. CIV. P. 8 "demands more than an unadorned, the-defendant-

4   unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a

5   complaint must contain sufficient factual matter, accepted as true, to 'state a claim for

6   relief that is plausible on its face.'") (citation omitted).   In fact, Plaintiff appears to claim

7   that the alleged constitutional violations are the failure to follow the directives given by

8   Defendant Libby.

9   This is insufficient to state a plausible claim for relief under § 1983. A pleading

10   must include sufficient "factual content that allows the court to draw the reasonable

11   inference that the [defendant is] liable for the misconduct alleged," *Iqbal*, 556 U.S. at

12   678, and must describe personal acts by each defendant showing a direct causal

13   connection to a violation of specific constitutional rights. *Maxwell v. County of San*

14   *Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (citing *Taylor v. List*, 880 F.2d 1040, 1045

15   (9th Cir. 1989)). "Causation is, of course, a required element of a § 1983 claim." *Estate*

16   *of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into

17   causation must be individualized and focus on the duties and responsibilities of each

18   individual defendant whose acts or omissions are alleged to have caused a constitutional

19   deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,

20   423 U.S. 362, 370-71 (1976)).

21   Accordingly, the Court DISMISSES Defendant Libby from this action for failing

22   to state a claim upon which relief could be granted and directs the Clerk of Court to

23   terminate this Defendant from the docket.

24   **III.   Venue**

25   Because the only named Defendant who resides in San Diego is dismissed from

26   this action, the Court finds that Plaintiff's case lacks proper venue.  Venue may be raised

27   by a court sua sponte where the defendant has not yet filed a responsive pleading and the

28   time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

3:16-cv-03128-WQH-KSC

1    Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a

2  "civil action may be brought in – (1) a judicial district in which any defendant resides, if

3  all defendants are residents of the State in which the district is located; [or] (2) a judicial

4  district in which a substantial part of the events or omissions giving rise to the claim

5  occurred, or a substantial part of property that is the subject of the action is situated[.]"

6  28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.  "The district court of a district in which

7  is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

8  interests of justice, transfer such case to any district or division in which it could have

9  been brought."  28 U.S.C. § 1406(a).

10    Plaintiff alleges that the events giving rise to his action occurred at the Substance

11  Abuse Treatment Facility which is located in Kings County.  *See* 28 U.S.C. § 84(b).  In

12  addition, no remaining Defendant is alleged to reside in San Diego or Imperial Counties.

13  Therefore, the Court finds venue is proper in the Eastern District of California, pursuant

14  to 28 U.S.C. § 84(b), but not in the Southern District of California pursuant to 28 U.S.C.

15  § 84(d).

16  **IV.    Conclusion and Order**

17    Good cause appearing, the Court:

18    1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)

19  (ECF No. 2).

20    2.    **ORDERS** the Secretary of the CDCR, or his designee, to collect from

21  Plaintiff's trust account the $350 owed in monthly payments in an amount equal to

22  twenty percent (20%) of the preceding month's income to the Clerk of the Court each

23  time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

24  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND

25  NUMBER ASSIGNED TO THIS ACTION.

26    3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott

27  Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box

28  942883, Sacramento, California, 94283-0001.

3:16-cv-03128-WQH-KSC

1    4.    **DISMISSES** the claims against Defendant Libby from this action for failing

2  to state a claim upon which relief may be granted pursuant to 28 U.S.C.

3  § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  The Clerk of Court is directed to terminate this

4  Defendant from the Court's docket.

5    5.    The Clerk of the Court shall transfer this case for lack of proper venue, in

6  the interests of justice and for the convenience of all parties, to the docket of the United

7  States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 84(b),

8  28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

9   Dated:  January 18, 2017

10                                              Hon. William Q. Hayes
                                                United States District Court

3:16-cv-03128-WQH-KSC