UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD RISHER,<br><br>           Plaintiff,<br><br>     v.<br><br>DR. EBINOSA, et al.,<br><br>           Defendants. | 1:17-cv-00087-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br>(ECF NO. 7) |

Richard Risher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On January 17, 2017, Plaintiff filed a request for appointment of pro bono counsel.  (ECF No. 7).

According to Plaintiff, he needs counsel appointed because he cannot afford counsel, he lacks the requisite legal training and expertise to adequately represent himself, and he is totally blind and so cannot read court documents.  The Court notes that Plaintiff complains about defendants abusing the discovery process.  However, discovery has not yet been opened in this case. In fact, the case still awaits a full screening, and no defendants have even been served.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

1

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time.  At this early stage in the proceedings (the complaint has not yet been fully screened), the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims.  While the Court is sympathetic to the fact that Plaintiff is allegedly blind and that this makes it more difficult for Plaintiff to prosecute this case, at this time the Court will not order the appointment of pro bono counsel.  Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 25, 2017**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE